

# In the Missouri Court of Appeals
# Eastern District

<u>DIVISION TWO</u>

| | | |
|---|---|---|
| ANASTASIA COLLIER, | ) | ED107154 |
| | ) | |
| Respondent/Cross-Appellant, | ) | Appeal from the Circuit Court of |
| | ) | the City of St. Louis |
| v. | ) | 1722-AC07367 |
| | ) | |
| ANDREA STEINBACH, | ) | Honorable Michael W. Noble |
| | ) | |
| Appellant. | ) | Filed: December 24, 2019 |

## **OPINION**

Andrea Steinbach ("Steinbach") appeals the judgment entered upon a jury verdict in favor of Anastasia Collier's ("Collier") action for personal injury following a motor vehicle accident. Collier cross-appeals the reduction of the verdict based upon the percentage of her fault assessed by the jury. We reverse and remand.

### **BACKGROUND**

Collier filed a petition for damages against Steinbach alleging negligence resulting from a motor vehicle accident. Collier specifically alleged she was traveling north on Hampton Road when Steinbach was traveling south and turned left in front of her, causing Collier to collide with

the rear passenger quarter panel of Steinbach's vehicle. Collier asserted as a direct and proximate result of Steinbach's negligence she suffered severe and permanent damage to her ribs, loss of enjoyment of life, reduced capacity to work, inconvenience, pain and suffering, and emotional distress.

Collier began the trial by expressly referring to Steinbach's liability insurer, Automobile Club Inter-Insurance Exchange ("AAA")[1] during her opening statement. Then, in her case in chief, Collier called Susan Paglusch ("Paglusch"), an employee of AAA and James Zeman, an independent investigator retained by Paglusch on behalf of AAA, who conducted surveillance on Collier following the accident. In her closing argument, Collier continued to make repeated references to AAA's involvement in the case. Specifically, Collier referred to Steinbach's attorney as part of the "corporate team" and one of AAA's "corporate cronies" who instigated the surveillance of Collier.

The jury returned a verdict in favor of Collier and against Steinbach, for a total of one million five hundred thousand dollars. The jury assessed twenty percent fault to Collier and eighty percent fault to Steinbach, thereby reducing Collier's recovery to one million two hundred thousand dollars. The trial court entered judgment upon the jury's verdict, and the present appeal follows.

## DISCUSSION

Steinbach asserts three points on appeal, each of which argue the court erred in denying her motion for new trial. In her first point, she claims the trial court erroneously allowed Collier to make prejudicial references to, and present evidence of, Steinbach's liability insurer

---

[1] At trial, the court stated "that the parties have agreed the title is AAA." However, no such stipulation appears in the record on appeal.

throughout trial. In her second point, Steinbach argues the court erred because she was not provided with adequate time to retain a medical expert upon learning of the extent of the injuries Collier was claiming. In her third point, Steinbach claims the $1.5 million awarded in damages was excessive and influenced by the improper references to Steinbach's liability insurer throughout trial.

Collier cross-appeals the judgment entered upon the jury's verdict, arguing the court erred in denying her motion for judgment notwithstanding the verdict because there was insufficient evidence to support an instruction on Collier's comparative fault. Specifically, she claims Steinbach failed to present sufficient evidence to make a submissible case of Collier's negligent failure to keep a careful lookout.

## *Point One*

In point one on appeal, Steinbach asserts she is entitled to a new trial because the trial court erroneously allowed Collier to make repeated and prejudicial references to Steinbach's liability insurer. In addition, the court erred in allowing Collier to call the insurance company's employee and an independent investigator retained on behalf of AAA as witnesses at trial during her case in chief. Collier responds such evidence was relevant and admissible because the insurance company hired the independent investigator to conduct surveillance on her following the accident which she reasonably believed Steinbach would later introduce during trial.

## *Standard of Review*

We review the trial court's decision to deny a motion for new trial for abuse of discretion. *Echard v. Barnes-Jewish Hosp.*, 98 S.W.3d 558, 567 (Mo. App. E.D. 2002). A trial court abuses its discretion when the ruling is against the logic of the circumstances and is so

3

arbitrary and unreasonable as to shock the sense of justice and indicate lack of careful consideration. *Lay v. P & G Health Care, Inc.*, 37 S.W.3d 310, 326 (Mo. App. W.D. 2000).

*Analysis*

It has long been generally considered reversible error in personal injury actions to show, directly or indirectly, that the defendant carries liability insurance. *Means v. Sears, Roebuck & Co.*, 550 S.W.2d 780, 787 (Mo. banc 1977). However, in very rare instances, it may be proper to prove the existence of defendant's liability insurance if the evidence is relevant and material to an issue in the case. *Pope v. Pope*, 179 S.W.3d 442, 463 (Mo. App. W.D. 2005). Yet, even in such a rare circumstance, the trial court must exercise the greatest caution and restraint because the "plaintiff does not have free 'license to flaunt insurance coverage in the jury's face.'" *Id.* at 464 (internal quotation omitted).

Moreover, a limiting instruction must be given if evidence of liability insurance is properly introduced. 179 S.W.3d at 464. In *Pope*, the instruction was not given following properly admissible and relevant evidence of defendant's liability insurance. The court simply overruled defense counsel's objection to the evidence. *Id*. The Western District held that when a reference to liability insurance is properly made at trial, the court's decision not to give such an instruction on its own motion is an abuse of discretion. *Id*. at 465.

Here, Collier sought to proactively mitigate potentially harmful evidence from the surveillance of her post-accident conduct upon the assumption Steinbach would later introduce it in her defense. Counsel referred to AAA twice during his opening statement. Then, during her case in chief, Collier called Susan Paglusch, AAA's employee, and James Zeman, an independent investigator, retained by Paglusch on behalf of AAA, to conduct surveillance on

4

Collier. Steinbach's counsel consistently objected to each witness as reflected in the record on appeal. Upon direct examination of each witness, counsel made multiple references to AAA and questioned whether AAA hired them and paid for their services. In addition, during closing argument, counsel made numerous pointed references to AAA, the "corporation," or "corporate team," and the fact that Steinbach's counsel and his "corporate cronies" essentially targeted Collier in an attempt to discredit her claims.[2]

Even if Collier's assessment of Steinbach's intent to produce the evidence at trial was accurate, the investigation was not relevant or admissible unless and until it was introduced by Steinbach.[3] Collier's premature, tactical use of AAA's involvement was so pervasive that the insurance coverage was beyond "flaunted" to the jury, as prohibited by *Pope*. *See id*. In fact, it constituted an effective weaponization of a narrow exception to the general rule prohibiting its admission. Thus, it is unequivocal reversible error to admit insurance coverage as relevant and material evidence to mitigate other, potentially damaging evidence that may or may not be introduced later at trial by the defense.[4] *Id*. at 463.

In conclusion, while reference to AAA's involvement may have been relevant and admissible in certain limited circumstances, it is clear from the record in this case Collier improperly weaponized the exception with pervasive references to Steinbach's liability insurer. The trial court abused its discretion in allowing Collier to do so. As a result, point one on appeal is granted, and a new trial is required.

---

[2] Steinbach requested a mistrial based upon these two references which would have been error even if the evidence itself had been properly admitted. The trial court denied the motion.

[3] While Zeman's testimony may have ultimately been admissible under the narrow exception if Steinbach had raised the investigation, Paglusch's testimony was cumulative and unnecessary. As such, it was not relevant or admissible under any exception.

[4] Unlike the limited evidence properly admitted in *Pope*, the improper references to Steinbach's liability insurer rendered any limiting instruction superfluous. *See* 179 S.W.3d at 464.

Our review of point one is dispositive; therefore, we do not address Steinbach's remaining

points.




*Cross-Appeal*

Collier asserts one point on cross-appeal alleging the court erred in denying her motion

for judgment notwithstanding the verdict because there was insufficient evidence to submit the

issue of her comparative fault to the jury.  According to Collier, even considering the evidence in

the light most favorable to Steinbach, there was no evidence to support comparative fault.

*Standard of Review*

Our review regarding whether the jury was properly instructed is a question of law to be

determined on the record.  *Thompson v. Brown & Williamson Tobacco Corp.*, 207 S.W.2d 76,

120 (Mo. App. W.D. 2006).  A comparative fault instruction must be supported by substantial

evidence.  *Id*.  In determining whether substantial evidence from which the jury could reasonably

find comparative fault, we review the evidence and inferences therefrom in the light most

favorable to submission of the instruction.  *Id*.  If there is evidence that the conduct of both

parties combined and contributed to cause the injury, the fact finder should not be prevented

from assessing the respective percentages of fault of each party.  *Id*. at 123.

*Analysis*

Here, the record shows Steinbach was turning left across the northbound lanes of

Hampton Avenue at approximately five to seven miles per hour, attempting to pull into the Taco

Bell parking lot.  Steinbach had almost completed the turn and was at least halfway into the

driveway when Collier struck Steinbach's vehicle on the rear passenger quarter panel.     In

light of the slow rate of speed Steinbach was traveling, coupled with the evidence that she had

almost completed the turn when Collier struck her vehicle, a jury could have reasonably found Collier failed to keep a careful lookout and could have potentially slowed her vehicle enough at the time to avoid the accident.  Thus the evidence in the record before us, viewed in the light most favorable to giving a comparative fault instruction, was sufficient to submit the issue to the jury.  Collier's point on cross-appeal is denied.

## CONCLUSION

The trial court erroneously denied Steinbach's motion for new trial.  The judgment of the court is reversed and remanded for further proceedings consistent with this opinion.

_____
Lisa P. Page, J.

Philip M. Hess, P.J. and Kurt S. Odenwald, J., concur.

7